## Indemnity Insurance Co. v. Nash

*Louis M. Childs, 2d,* of *High, Dettra & Swartz,* for plaintiff.

*Elmer L. Menges* of *Ditter & Menges,* for defendant.

CORSON, J., June 30, 1939.—The issue framed January 12, 1939, between plaintiff and defendant, was tried before the writer of this opinion under agreement of the parties that the case be tried before a judge without a jury. The issue as tried reads as follows: "Did the discharge in bankruptcy of defendant on March 15, 1937, in which the bankruptcy defendant had listed this judgment as a liability, discharge him from liability to defendant for money it had to pay as surety on his bond as teller of Ambler National Bank to that corporation to reimburse it for moneys embezzled by defendant from it?"

The facts are not in dispute and are found by the trial judge as follows:

1. That prior to August 7, 1936, defendant was a teller in the Ambler National Bank.

2. That, during the period that he was so employed, plaintiff insurance company was the surety upon ·his bond for faithful performance of his duties.

3. That defendant, during the period that he was so employed, embezzled the sum of $8,636.75 from the bank.

4. That the amount of such embezzlement was paid to the bank by the surety for·defendant.

5. That the present plaintiff later brought suit against defendant for the amount so paid and on August 7, 1936, obtained judgment against defendant, for failure to file an affidavit of defense, in the amount of $8,636.75.

6. That in December 1936 defendant filed a voluntary petition in bankruptcy and listed such judgment as a liability.

7. That notice of such bankruptcy was given to plaintiff and on March 15, 1937, defendant was discharged in bankruptcy.

8. That later defendant filed a petition to open judgment, which petition was allowed and the present issue thereupon framed.

## Discussion

The only question to be decided in the present case is whether, under section 17 of the United States Bankruptcy Act of July 1, 1898, 30 Stat. at L. 544, as amended by the Act of June 22, 1938, 52 Stat. at L. 840, the debt of this judgment was discharged or not discharged by defendant's discharge in bankruptcy. This section reads as follows:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts . . . except such as . . . were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity".

The question to be decided, therefore, resolves itself into the single question of whether or not, at the time of such

embezzlement, defendant was an officer of the Ambler National Bank within the meaning of the Bankruptcy Act. The duties of defendant as teller were to receive into his custody every morning a certain amount of money and to account at the end of the business day for such money and for any money, checks, etc., which he may have received in the way of deposits during the day. As such teller he exercised no discretionary powers except perhaps as to the cashing of checks, and even there it is fair to assume that in any case of doubt he could protect himself by seeking the approval of the bank cashier. He had no discretion as to making loans, and while it is true that in the issuance of cashiers' checks in the name of the bank it was necessary for him to countersign such checks, such countersignature was needed only in cases where cashiers' checks were issued at his request, and then only for the purpose of identifying him as the person requesting, and responsible for, the issuance of such check. Such countersignature, therefore, became merely a means of identification rather than the necessary act of an officer of the bank.

The business of a bank from which it receives its income is the loaning of money. Defendant had nothing whatever to do with loans. It is further a part of the business of a bank to receive deposits and to pay out money to depositors from credits standing in their accounts. As already indicated, we feel that a teller's duties in merely receiving deposits and cashing checks for depositors do not make such teller an officer of the banking corporation within the meaning of the Bankruptcy Act, supra. We know of no case and no case has been cited by either party covering the point of law in issue. We feel that defendant, as a teller of the bank, was not an officer within the meaning of the act and, therefore, conclude as a matter of law, that:

1. Defendant, as a teller of the Ambler National Bank, was not an "officer" within the meaning of the section of the Bankruptcy Act, supra.

2. The embezzlement not having been an embezzlement by an officer of the bank but merely by an employe thereof, the discharge of defendant in bankruptcy released and discharged defendant from the judgment obtained by plaintiff.

And now, June 30, 1939, upon the findings of fact and the conclusions of law, and for the reasons cited in this opinion, the trial judge sitting as a court without a jury finds a verdict in favor of defendant.